### ABEL S. WARREN v. JAMES WHITESIDES.

CONTRACT: CONSIDERATION.—A surety agreed with his co-surety that, if the latter would procure the principal, who was insolvent, to pay a stipulated sum on the debt, that he would release him from any obligation to contribute to the payment of the balance. The promisee performed his part of the undertaking by procuring the principal to make the payment. *Held*, that this was a sufficient consideration to support the promise to release, and that he was not liable to contribution.

IN error to the Circuit Court of Itawamba county. Hon. William Cothran, judge.

*W. F. Dowd*, for the plaintiff in error, Cited 1 Parsons on Cont. 366, 367.

*Sale* and *Phelan*, on same side.

*Hugh R. Miller*, for defendant in error.

HANDY, J., delivered the opinion of the court.

The plaintiff and the defendant were co-sureties on an administration bond, upon which an action was brought against them and their principals, and judgment rendered against principals and sureties, and the defendant in error was compelled to pay the same. This action was thereupon brought against the plaintiff in error for contribution. The defendant below pleaded that before the institution of this action, the plaintiff agreed with the defendant that, if he would get the administrators to pay the sum of $2000 towards the discharge of all the liabilities of the sureties for the administrators, and if the defendant would pay the sum of $500, then the plaintiff would release the defendant from any further liability in consequence of his suretyship; and the plea avers that the defendant did succeed in getting the administrators to pay the sum of $2000, and that he also himself paid the sum of $500, under the contract. To this plea the plaintiff filed a demurrer, which was sustained, and judgment rendered for the plaintiff.

The only question presented is, whether the agreement between the sureties was founded upon a sufficient legal consideration, with reference to the act of the defendant in obtaining from the principals the payment of the sum of two thousand dollars on account of liabilities of the two sureties. It is said that this was no more than the defendant was bound to do for his own protection, and that it operated as a benefit to himself as well as to the plaintiff. This is partly true. But it must be presumed that the end accomplished was beneficial to the plaintiff, and that the exertions of the defendant were necessary in order to effect it; for otherwise the promise of the plaintiff is idle and unaccountable. What amount of labor or trouble was required to effect the object, does not appear. But from the nature of the undertaking, the exertions of the defendant must have been necessary to obtain from insolvent administrators the performance of a duty which they were able, but could not be compelled by law, to perform. The service was, therefore, not only necessary to accomplish the end, but it must be taken to have been valuable to the plaintiff; and as a service for him which the defendant was not bound to perform, it was a sufficient consideration for the promise set up in the plea.

The judgment must be reversed, the demurrer overruled, and the cause remanded for further proceedings.